■ PERFECT FILM & CHEMICAL CORPORATION, Respondent, v. JAMES HONEY, Individually and as the Representative of the Various Underwriting Members under Lloyd's of London Policy No. C 67806, Appellant.— Order, entered March 3, 1969, unanimously reversed and vacated, on the law, without costs and without disbursements, and plaintiff's motion for partial summary judgment denied. Although the insurer (defendant) authorized the insured (plaintiff's predecessor) to retain the particular Chicago firm of attorneys to defend the action brought by Barlas and authorized a settlement of the action for $7,500, there are issues of fact precluding the granting of summary judgment for the total amount of the settlement and for the total fees and expenses charged by the Chicago firm of attorneys for defending the action. The "Lloyd's Policy", upon which this action was based, was issued to cover liability of the insured in connection with the July 26, 1962 registration and prospectus filed with the United States Securities and Exchange Commission concerning certain shares of common stock of Perfect Photo, Inc., and it is clear that the policy did not cover certain of the claims made by Barlas that were the subject of his action against the insured and others. The insurer contends that its responsibility to indemnify the insured is limited to the portion of the settlement properly attributable to those claims of Barlas covered by the policy and to the reasonable attorneys' fees and expenses incurred in connection with the defense against such claims. On the other hand, the plaintiff (successor to the rights of the insured) contends that the insurer may not apportion the settlement payment or the legal expenses; that the insurer is liable for the full amount of the settlement since it approved the settlement of the action in the total sum without contending at the time for any apportionment; and that the insured is liable for the full amount of legal expenses incurred in defending the action, the plaintiff relying particularly upon

*Prashker* v. *United States Guar. Co.* (1 N Y 2d 584). The provisions of the policy, insofar as applicable under the circumstances of this case, are not free from ambiguity and, thus, there are issues of fact precluding the granting of summary judgment. (See *American Sponge & Chamois Co.* v. *Atlantic Mut. Ins. Co.*, 29 A D 2d 749; *American Sur. Co.* v. *National Fire Ins. Co.*, 25 A D 2d 734; *W. S. Hayes, Inc.* v. *Public Serv. Mut. Ins. Co.*, 12 A D 2d 989, app. dsmd. 10 N Y 2d 826.) Moreover, there are issues of fact appertaining to whether the Chicago firm of attorneys was retained to defend the *Barlas* action with the understanding that said firm was to represent the insurer and that the insurer would pay the legal fees and expenses of said firm in full and whether the insured retained such control of the action that it may be assumed to have obligated itself to pay such fees and expenses. Furthermore, as bearing upon the liability of the insurer for the entire amount of the settlement of $7,500, there is an issue of fact as to whether the insurer, in authorizing a settlement in such amount, did authorize the use of the entire sums in settlement of the action regardless of any apportionment. Then, if it be determined that there is to be an apportionment of the counsel fees and expenses on the settlement, the proper proportion to be paid by the insurer concededly presents issues of fact. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.